RAWSON *v.* STATE.

(Division B.   Nov. 7, 1938.)

[184 So. 309.   No. 33325.]

Dudley & Ramsey, of Forest, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

**Ethridge, P. J.**, delivered the opinion of the court.

Pat Rawson, the appellant, was convicted in the justice of the peace court, the case was appealed to the circuit court, where it was tried anew, and the appellant was again convicted and sentenced to pay a fine and serve a term in the county jail. The jail sentence was suspended, and part of the fine also, during good behavior.

After the conviction in the Circuit Court, the appellant moved in arrest of judgment, on the ground that the person acting as justice of the peace was neither de facto nor de jure justice of the peace; and that neither

the justice court nor the Circuit Court has jurisdiction to try the case. The motion in arrest of judgment was overruled, and this is the only question presented on appeal.

It appears that for a number of years F. R. Walter was a justice of the peace in District 3 or Beat 3, of Scott county, Mississippi; and that in 1932 the legislature reduced the number of justices of the peace in each district from two to one, with the proviso that the board of supervisors could create an additional justice of the peace in each district. In the primary election of 1935 one Moorehead was nominated for justice of the peace of such district, and in the November election was duly elected justice of the peace. In October, 1935, after the primary election, but before the general election, the board of supervisors passed an order reciting: "The board of supervisors of Scott county, Mississippi, exercising their discretion under chapter 174 of the General Laws of Mississippi of 1932, in response to petitions so to do, hereby order that an additional justice of the peace may be provided for districts No. 2, 3 and 4, of Scott county, Mississippi; that is to say that there be two justices of the peace in said districts; that this order shall not take effect until after the termination of the term of office of the present justices of the peace of said districts. Ordered this the 7th day of October, 1935."

No election for justice of the peace was ordered, and after the expiration of the term of office of the justice of the peace, 1932 to January, 1936, the Governor of the state appointed Walter to that office, the latter gave bond and qualified for the office, and entered upon the discharge of his duties. No election was ordered by the board of supervisors; and the affidavit in the present case was made on the 6th day of July, 1937.

It is contended that the appointment so made was without authority, and void, and that there was neither a justice of the peace de facto nor de jure. Section 103 of the state Constitution provides: "In all cases, not

otherwise provided for in this constitution, the legislature may determine the mode of filling all vacancies, in all offices, and in cases of emergency provisional appointments may be made by the governor, to continue until the vacancy is regularly filled;'' etc.

Under this section of the Constitution the Governor has the right to make a provisional appointment of a justice of the peace, where no election had been held, to hold office until the vacancy is regularly filled. There was no election in the present case, so the incumbent was lawfully in office by appointment of the Governor, where he may remain until an election is held to fill the vacancy. See State v. Lovell, 70 Miss. 309, 12 So. 341. The board of supervisors were vested with authority, under chapter 174 of the Laws of 1932, to create an additional justice of the peace for any beat of the county, and did so by the order above recited.

The office became effective under the order at the expiration of the term of the then incumbent, which term expired on the first Monday of January following. The office then became an office de jure, and the appointee of the Governor became justice of the peace de jure on being appointed and qualifying. Consequently, Walter was a de jure justice of the peace. Certainly he was in possession of the office, exercising the functions thereof, under color of authority, and this at any rate would constitute him a de facto justice of the peace, whose right to the office could not be challenged in the manner here sought.

It follows that the judgment of the court below must be affirmed.

Affirmed.